# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

WILLIAM FRANKLIN SLOAN,
      *Defendant-Appellant.*

No. 02-4569

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-95-31)

Submitted: November 5, 2002

Decided: December 4, 2002

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

William Sloan appeals his twenty-four month sentence the district
court imposed after revoking his supervised release. At the beginning
of the revocation hearing, Sloan admitted to four violations of the
terms of his supervised release, each a Grade C violation. Coupled
with Sloan's criminal history category of III, these violations war-
ranted a sentencing range of 5-11 months under the Guidelines. *See
U.S. Sentencing Guidelines Manual* § 7B1.4 (2000). The hearing
itself concerned the remaining four alleged violations, all involving an
armed robbery Sloan allegedly committed.

At the conclusion of the revocation hearing, the court explained
that although it found the preponderance of the evidence demon-
strated that Sloan committed the robbery, it based the revocation of
Sloan's supervised release and corresponding twenty-four month sen-
tence entirely upon the Grade C violations. Sloan challenges the dis-
trict court's finding that a preponderance of the evidence established
that he committed the robbery, arguing that the court admitted
improper hearsay evidence over his objections.

We review a district court's revocation of supervised release for an
abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642-43
(4th Cir. 1995). The district court need only find a violation of a con-
dition of the supervised release by a preponderance of the evidence.
*See* 18 U.S.C. § 3583(e)(3) (2000); *Johnson v. United States*, 529
U.S. 694, 700 (2000). Moreover, the policy statements in Chapter 7
of the sentencing guidelines are non-binding and advisory in nature.
*Davis*, 53 F.3d at 642-43.

Upon careful review, we find Sloan's contention to be baseless.
The court clearly explained that although it found the preponderance
of the evidence demonstrated that Sloan committed the robbery, it

based the revocation of Sloan's supervised release and corresponding twenty-four month sentence entirely on the Grade C violations. Moreover, the court lawfully exercised its discretion in determining to depart upwardly from the suggested guideline range to twenty-four months, a sentence that did not exceed the statutory maximum term of imprisonment for Sloan's violations of his supervised release. Finally, the court made clear that it did not consider evidence of the robbery in its decision to enhance Sloan's sentence. Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*